## WILLIAM M. BEEKMAN v. THE BOARD OF SUPERVISORS OF EATON COUNTY.

*Mortgage tax law—Fees of register of deeds.*

Under section five of Act No. 262, Laws of 1887 (3 How. Stat. § 1170 *m* 1), which provides for the reporting of mortgages for assessment purposes, the register of deeds is entitled to 10 cents for each notice given by him of a mortgage reported to him by a register of deeds of another county, and to a like sum for each mortgage added to the book-lists since the district assessor books were last delivered to the assessing officers.[1]

*Mandamus.* Submitted April 16, 1891. Denied May 8, 1891.

Relator applied for *mandamus* to compel the allowance of his claim for reporting mortgages for assessment purposes. The facts are stated in the opinion.

*Huggett & Smith,* for relator.

*F. A. Dean* and *R. W. Shriner,* for respondent.

McGRATH, J. This is an application for *mandamus*.

Relator was register of deeds for the county of Eaton from January 1, 1889, to January 1, 1891. Act No. 262, Laws of 1887, requires each register of deeds to keep three books:

1. "A county resident book of unpaid mortgages," in which shall be entered a list of all undischarged mortgages held by residents of that county, from and including 1880, with the names of the mortgagor and mortgagee, the residence of the latter, date and amount of mortgage, and page and book where recorded.

---

[1] See *Auditor General v. Supervisors*, 71 Mich. 16; and *Roulo v. Auditors of Wayne County*, 74 Id. 129, for cases bearing upon this statute.

2. "A district assessor book of unpaid mortgages" for each assessment district in that county, in each of which like entries shall be made as to all undischarged mortgages where the mortgagee resides in that district.

3. "A county non-resident book of unpaid mortgages" in which like entries shall be made as to all undischarged mortgages held by persons who do not reside in that county, but do reside within the State.

And every year thereafter it is made the register's duty to add to said lists all mortgages that may have since come into his office for record. On or before the 10th day of April in each year he is required to deliver to each assessing officer in his county a copy of the "district assessor book of unpaid mortgages," in which shall be transcribed a list of all mortgages against the real property of such assessing officer's township or district. After the meeting of the board of review this book is returned to the register of deeds by the assessing officer, and the register adds thereto other mortgages properly belonging in that book.

Section 5 of the act concludes as follows:

"The register of deeds shall make a list or statement in the book known as the 'County Non-Resident Book of Unpaid Mortgages' (mentioned in section one of this act) of all mortgages recorded in his office by residents of the State who are non-residents of the county where said mortgage is recorded, and he shall furnish a complete list of all such non-resident mortgagees [mortgages] to the register of deeds of the county where such mortgagee resides. Such register of deeds, upon receiving such report, shall notify the assessing officer in whose district said mortgagee may reside; whereupon the assessing officer of the district where said mortgagee resides shall assess the same as required by law.

"The register of deeds shall receive ten cents for every such notice, to be audited and paid in the general manner out of the contingent fund of the county where the mortgagee resides; and the said register of deeds shall also receive for each notice to the assessing officers in his county as provided in this act the sum of ten cents, to

be audited and paid out of the contingent fund of said county."

The act contains no other provisions for compensation for this work.

The several books for which the act makes provision had been prepared and written up before relator came into office. In April, 1890, the relator furnished to the assessors of Eaton county district assessor books, containing lists aggregating 3,012 undischarged mortgages and assignments of record held by persons residing in Eaton county, and gave notice to assessing officers in that county of 410 mortgages recorded in the State outside of Eaton county and held by persons residing in that county. In October following, relator presented a claim to the board of supervisors for $340.20, claiming 10 cents each, not only for the mortgages added by him upon the district assessor books since the previous year, but for all that appeared upon said books, and he now applies for a *mandamus* to compel the payment of that amount.

Respondent denies its liability for the amount as charged, and insists that it is only liable to the payment of 10 cents each for the mortgages which have been reported to the petitioner from other counties, and by him reported to the several assessing officers of his own county.

The lists embraced in the several books are transcribed therein but once. The same books are used each year, and belong to the county. Subsequently mortgages are added as they are recorded. Even the district assessor books are returned to the register and the lists added to.

I do not think it was the intention of the Legislature that each register should make a charge of 10 cents for each entry made by his predecessor or during the previous year. The register first transcribing the mortgages from 1880 to 1888 upon these books received 10 cents for each mortgage entered thereon. Evidently the inten-

tion of the Legislature was to preserve this work, and thus avoid the expense of retranscribing these mortgages. The purpose of the Legislature would be defeated if the claim of the relator is established. I think it clear that each register is entitled to 10 cents for each notice given by him of a mortgage reported to him by a register of another county, and to a like sum for each mortgage added to the book lists since the district assessor books were last delivered to the assessing officers. Each register then receives compensation for the work which he performs, and the design of the Legislature in preserving the lists is carried out.

The application will therefore be denied, with costs to respondent.

The other Justices concurred.